**COMP**
**MICHAEL MEE, ESQ.**
Bar No. 13726
400 S. 4th Street
Las Vegas NV 89101
E-mail: mmee@defenselawyervegas.com
Phone: 702-990-0190
Fax: 702-442-9616
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**LAS VEGAS, NEVADA**

| | |
|---|---|
| STEVEN MUSCATELLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, THE STATE OF NEVADA, THE CLARK COUNTY DISTRICT ATTORNEY'S OFFICE, ROY TIGHE, an Individual, DOES 1 Through 10,<br><br>Defendants. | Case No.: 2:24-cv-1190 |

**COMPLAINT**

COMES NOW, Plaintiff, STEVEN MUSCATELLO, by and through counsel MICHAEL MEE, ESQ. and for his causes of action against Defendants above named, complains and alleges as follows:

**PARTIES**

1.    Plaintiff brings this case pursuant to 42 U.S.C. § 1983, 1988, and Nevada state law. Jurisdiction is based upon 28 U.S.C. § 1331, 1343. Supplemental

jurisdiction exists over any state claims and Defendants pursuant to 28 U.S.C. § 1367.

2.    This claim arises from the acts of those defendants, against Plaintiff, as took place within the County of Clark, State of Nevada, therefore the United States District Court of Nevada, Las Vegas, is the appropriate venue.

3.    That at all times mentioned herein, Plaintiff, STEVEN MUSCATELLO ("MUSCATELLO)" was as resident of Clark County, Nevada and/or availed himself of that jurisdiction by his personal presence at the time of these events.

4.    Plaintiff alleges that Defendant Clark County District Attorney's Office is a subdivision of the State of Nevada, is a duly constated State entity, and is or was the employer of all individuals named as Defendants herein, but not limited thereto, who are each named and sued in their individual and official capacities, as well as DOE Individuals 1 through 10.

5.    Plaintiff alleges that Defendant Las Vegas Metropolitan Police Department is a subdivision of the State of Nevada, is a duly constated State entity, and is or was the employer of all individuals named as Defendants herein, but not limited thereto, who are each named and sued in their individual and official capacities, as well as DOE Individuals 1 through 10.

6.    Plaintiff alleges that the State of Nevada, a State entity, is or was the employer of other individuals named as Defendants herein, but not limited thereto, who

are each named and sued in their individual and official capacities, as well as DOE Individuals 1 through 10.

7.      Plaintiff alleges that Defendant ROY TIGHE ("Tighe") was at all times material herein acting under color of law, within the scope of his employment as an officer of Las Vegas Metropolitan Police Department, and is being sued individual and in his official capacity.

8.      The identities, capacities, and/or nature of the involved DOE DEFENDANTS 1 through 10 ("Doe Defendants") are presently unknown to Plaintiffs. Plaintiffs therefore sue such persons using "Does" as fictitiously-named. defendants. Plaintiff is informed and believes, and there upon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions., and or breaches of duty alleged below. Plaintiff will amend this Complaint to name these Doe Defendants upon learning their true identities and roles.

9.      All the facts, acts, omissions, events and circumstances herein mentioned and described occurred in Clark County, State of Nevada, and the Defendants and each of them are residents of the same, and/or have their principle place of employment/business in said County and State, and or were doing business in said County and State.

10.     Plaintiff is informed, believes, and alleges that all Defendants were at all times relevant to this Complaint acting within the course and scope of their

employment, under color of law, and Defendants' actions were known to each other, and to the Defendants, State, and Organization(s), through their policy makers, decision makers, officials, officers, and/or supervisors, including Defendants named herein and DOE Defendants to be identified.

11.   Plaintiff is informed and believes that officials, supervisors, policy makers, and other individuals with the authority to modify county, state, or departmental policy of the Defendants, and/or DOE Defendants, participated in, approved of, or ratified and/or failed to prevent the acts by all Defendants and DOE Defendants of which Plaintiff complains herein.

12.   Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants - including officials, supervisors, watch commanders, and other policymakers from Defendants and/or Doe Defendants and their agents - was the agent, employee, or co-conspirator of one another, some, or all of their Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, freedom of expression, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among others described herein.

13.   That each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially if not entirely, because

of Plaintiff's expressive conduct. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a de facto policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## FACTS COMMON TO ALL CAUSES OF ACTION

14.    Plaintiff repeats and realleges and incorporates all prior allegations as if set forth fully herein.

15.    Defendant Roy Tighe is employed with the Las Vegas Metropolitan Police Department, serving as a field training officer at Spring Valley Area Command at the time of the underlying events.

16.    At the time of the underlying events, he had been with the department for a little over six years.

17.    During patrol on May 5, 2022, Officer Tighe observed a recreational vehicle ("RV") parked near the north side of Potosi Park in Clark County, Nevada.

18.    That for no apparent reason, Tighe decided to investigate this vehicle and flipped around and ran the vehicle's plates.

19.    That the information came back as noting a Ford-related recreational vehicle associated with that license plate.

20. That Tighe visually surveilled the vehicle from the perimeter, and noted it was marked as a Winnebago. Officer Tighe claims not to know whether Winnebago has any relationship with Ford.

21. That in fact, as Officer Tighe knew or reasonably should have known, Winnebago's Ford recreational vehicles are common and thus these details provided no grounds for criminal suspicion.

22. That nevertheless, Tighe decided to "see if anyone was in it" because it was in "close proximity" to a public park.

23. Officer Tighe walked up, knocked on the vehicle, and peered inside the vehicle. By doing so, he allegedly saw the Plaintiff walking inside the RV.

24. That the RV he was investigating belonged to, and was occupied by, Plaintiff Steven Muscatello.

25. Officer Tighe ordered Plaintiff to exit the vehicle because he was not sure "how many other people were inside, or whether it was a stolen vehicle, or what he was doing" close to the park.

26. That, given Tighe had no legal cause to temporarily seize the occupant or the vehicle, Plaintiff declined to voluntarily exit the vehicle.

27. That based solely upon this chain of events, the Officer got on the radio and asked for backup units.

28. That Plaintiff exited the vehicle and was filming the officer.

29. After exiting the vehicle, Plaintiff "walked around to the front. He showed me that it had Ford emblems on it. I can't remember if it was at that time, or after I told him I was wrong and it wasn't cold plated."

30. That despite this Officer Tighe told Plaintiff he was not free to go and accused Plaintiff of "loitering near the park."

31. That Officer Tighe then demanded that Plaintiff identify himself.

32. Officer Tighe testified that "I knew that I had mistaken the plates on the vehicle" and that Officer Tighe was imagining some unnamed individual with "violent tendencies" that for unknown reasons was "possibly [Plaintiff]."

33. Officer Tighe testified that he "asked [Plaintiff] for his wallet" and that Plaintiff "said he won't do it because [Tighe] was unlawfully stopping him."

34. Officer Tighe testified that during this entire interaction, despite his claim while testifying that he was concerned about loitering, that he had not asked Plaintiff about his presence at this location during this entire interaction, testifying "I don't think we had gotten [to that topic] yet."

35. Officer Tighe admitted on cross-examination that he could have easily moved to the front and observed the vehicle was a Ford Ecoline which matched the plates report.

36. Officer Tighe testified that before he arrested Plaintiff and put him in handcuffs, he had already realized he made a mistake, and that the vehicle was not "cold plated" but in fact matched the plates reported.

37.    Officer Tighe admitted that prior to arresting and handcuffing Plaintiff, he had not even asked for ID at that point.

38.    Officer Tighe admitted before he initiated the stop he had been in the area for less than 15 minutes.

39.    Officer Tighe admitted he did one lap around before stopping the RV, and that it was a normal day with people around the park doing stuff, with baseball games going on.

40.    Officer Tighe admitted that at no point prior to arresting Plaintiff did he try to ascertain what Plaintiff was doing near the park nor did he ask Plaintiff his identification.

41.    That Officer Tighe issued a citation for this event.

42.    That on June 30, 2022, the Citation was prosecuted and brought to trial by the State of Nevada and the Clark County District Attorney's Office.

43.    That at no point prior to or during trial did the Defendants volunteer to dismiss this action, and instead, the prosecuted Plaintiff for allegedly loitering and obstructing justice, putting him at jeopardy of criminal penalty.

44.    That at the close of the hearing, the Judge overseeing the bench trial in the Las Vegas Justice Court found that the State had failed to meet its burden as to either of the charged offenses.

45. That Plaintiff was found not guilty because in truth and in fact he was not guilty, nor did the Defendants believe, or reasonably believe, that he was guilty of any criminal offense, based upon the Officer's reports, body camera, and testimony.

46. That as a result of the harassment, detention, arrest, imprisonment, and subsequent prosecution of the Plaintiff, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of privacy, loss of personal liberty, humiliation, emotional and physical injury, pain and suffering, and mental anguish.

47. Plaintiff continues to suffer and endure substantial pain and suffering as a result of these events, including ongoing mental anguish.

## **FIRST  CLAIM FOR RELIEF**

### **Violation of Civil Rights – First and Fourteenth Amendment (All Defendants)**

48. Plaintiff incorporates all prior allegations as if set forth fully herein.

49. This cause of action arises under 42 USC 1983, wherein Plaintiff seeks to redress a deprivation, under color of law, of his rights, privileges, immunities, secured to him by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

50.    That the First Amendment guarantees Plaintiff's freedom of speech, including his ability to record law enforcement officers in the course of their duties, including Plaintiff's ability to be lawfully present in a public place, to wit, adjacent to a public park on the public street when engaged in no criminal conduct.

51.    That the acts set forth herein, including retaliating against Plaintiff for filming law enforcement, for harassing Plaintiff due to his mere lawful presence in a public place, arresting Plaintiff to prevent him from filming law enforcement, and thereafter retaliating against Plaintiff by charging him and prosecuting him for asserting these rights, deprived Plaintiff of his First Amendment rights, and further chilled and deterred such free expression of the same in violation of that Amendment.

52.    That acting with malice and oppression, the Defendants acted to deliberately intimidate, silence, and prevent Plaintiff from filming their unlawful conduct, in violation of that Amendment, and thereafter retaliated against Plaintiff for the exercise of those rights.

53.    That as a result of this deprivation, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of

privacy, loss of personal liberty, humiliation, emotional and physical injury, pain and suffering, and mental anguish and that Plaintiff's damages exceed $1,000,000.00.

### SECOND CLAIM FOR RELIEF

**Violation of Civil Rights – Fourth, Fifth, and Fourteenth Amendments**

**against all Defendants**

54. Plaintiff incorporates all prior allegations as if set forth fully herein.

55. This cause of action arises under 42 USC 1983, wherein Plaintiff seeks to redress a deprivation, under color of law, of his rights, privileges, immunities, secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

56. That the Fourteenth Amendment guarantees due process and the privileges and immunities of citizens of the United States to Plaintiff.

57. That the Defendants actions shock the conscience and deprive Plaintiff of substantive due process and of his privileges and immunities as a citizen of the United States.

58. That Defendants violated the Plaintiff's right to be free from unreasonable and warrantless seizures of his property and person, to wit, by knowingly detaining the Defendant without legal cause.

59. That Defendant Tighe knowingly arrested and detained the Plaintiff despite learning that he had made a mistake about the vehicle's plates.

60.   That Defendant Tighe knowingly invented a pretext of loitering to arrest Plaintiff to attempt to cover-up this mistake and Tighe's wrongful conduct towards Plaintiff.

61.   That Defendant Tighe had no cause to execute a stop or investigation in the first place, as Tighe knew or was reasonably required to know that the Ford/Winnebego was properly plated.

62.   That, further, Defendant Tighe unlawfully ordered Plaintiff to exit his vehicle and to permit Tighe to search Plaintiff's wallet, where Defendant Tighe knew or reasonably was required to know that such orders were unlawful and were retaliatory.

63.   That even if Defendant Tighe was not legally required to avoid this alleged "mistake," Tighe has admitted that he could have easily checked (and in fact, did so check) the make/model of the vehicle *prior to* unlawfully arresting Plaintiff and citing him for alleged criminal offenses.

64.   That Tighe knowingly and intentionally cited Defendant, without legal cause or any degree of reasonable suspicion of any criminal conduct, in retaliation for Defendant's lawful exercise of his constitutional rights as outlined herein.

65.   That Defendants acted with malice and oppression by intimidating plaintiff, battering him, unlawfully detaining his vehicle, unlawfully detaining his person, unlawfully arresting him, charging him upon fabricated criminal charges, and wrongfully and maliciously prosecuting the Defendant, under color of law.

66. That as a result of this deprivation, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of privacy, loss of personal liberty, humiliation, emotional and physical injury, pain and suffering, and mental anguish and that Plaintiff's damages exceed $1,000,000.00.

## THIRD CLAIM FOR RELIEF

Violation of Civil Rights 42 USC 1983 - **Fourth, Fifth, and Fourteenth Amendments against all Defendants (Wrongful and Malicious Prosecution)**

67. Plaintiff incorporates all prior allegations as if set forth fully herein.

68. This cause of action arises under 42 USC 1983, wherein Plaintiff seeks to redress a deprivation, under color of law, of his rights, privileges, immunities, secured to him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

69. That the Defendants, with malicious intent and lacking probable cause, caused and/or attempted to cause Plaintiff, an innocent person, to be arrested or prosecuted for a crime he did not commit.

70. That there was no probable cause to prosecute the Plaintiff, and that Defendants acted with malice when causing the Plaintiff to be cited, charged, and prosecuted for these fabricated charges.

71. That the prior criminal proceeding was terminated on June 30, 2022 when the Plaintiff was found not guilty of all charges following a bench trial.

72. That as a result of this deprivation, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of privacy, loss of personal liberty, humiliation, emotional and physical injury, pain and suffering, and mental anguish and that Plaintiff's damages exceed $1,000,000.00.

### FOURTH CLAIM FOR RELIEF

Violation of Civil Rights 42 USC 1983 - **Fourth, Fifth, and Fourteenth Amendments against all Defendants (Specific Wrongful Searches and Seizures)**

73. Plaintiff incorporates all prior allegations as if set forth fully herein.

74. Defendant's unlawful seizures occurred in multiple instances, to wit: (1) detaining the vehicle by knocking on the door; (2) by ordering Plaintiff to exit the vehicle; (3) by detaining Plaintiff after learning the plates were correct; (4)

by demanding Plaintiff identify himself after learning the plates were correct and there was no criminal suspicion; (5) by ordering Plaintiff to turn over his wallet to law enforcement; (6) by handcuffing, detaining, arresting Plaintiff's person; (7) by taking and searching Plaintiff's wallet; (8) seizing and searching the RV; (9) other acts as outlined herein.

75. That as a result of this deprivation, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of privacy, loss of personal liberty, humiliation, emotional and physical injury, pain and suffering, and mental anguish and that Plaintiff's damages exceed $1,000,000.00.

## FIFTH CLAIM FOR RELIEF

Violation of Civil Rights 42 USC 1983 - **Fourth, Fifth, Eighth and Fourteenth Amendments against all Defendants  (Excessive Force and Cruel and Unusual Punishment)**

76. Plaintiff incorporates all prior allegations as if set forth fully herein.

77. Defendants engaged in excessive force and cruel and unusual punishment by physically battering, arresting, handcuffing, and/or jailing the Plaintiff, with

excessive force, without lawful basis, in knowing violation of Plaintiff's rights set forth herein,

78.     That as a result of this deprivation, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of privacy, loss of personal liberty, humiliation, emotional and physical injury, pain and suffering, and mental anguish and that Plaintiff's damages exceed $1,000,000.00.

## FIFTH CLAIM FOR RELIEF

Violation of Civil Rights 42 USC 1983, 1988 – **Conspiracy to Violate Civil Rights**

79.     Plaintiff incorporates all prior allegations as if set forth fully herein.

80.     This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other, to violate Plaintiff's civil rights afforded under the United States Constitution.

81.     Among other things, the Deputies acted in conspiracy and with the agreement, permission, ratification, and approval of their joint conduct to: (1) Unlawfully detain Plaintiff; without probable cause or reasonable suspicion; (2) Unlawfully conduct a prolonged detention of Plaintiff without probable cause or reasonable suspicion; (3) Unlawfully search Mr. Gray without probable cause or reasonable suspicion; (4) to fabricate false evidence to cover up the wrongful conduct towards Plaintiff; (5) to prosecute, with malice, or to cause Plaintiff to be prosecuted, without probable cause, without any reasonable belief in the probable cause of the charged offenses against Plaintiff.

82.     That all Defendants, as to each other cause of action alleged herein, conspired and acted in concert together to commit each cause of action, or are liable under theories of liability specifically set forth herein, or else ratified that actions of Officer Tighe by taking further unlawful action against Plaintiff, to wit, by continuing to maliciously and unlawfully prosecute the Plaintiff until such dismissal was obtained on June 30, 2022.

83.     That as a result of this deprivation, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of privacy, loss of personal liberty, humiliation, emotional and physical injury, pain

and suffering, and mental anguish and that Plaintiff's damages exceed $1,000,000.00.

## SIXTH CLAIM FOR RELIEF

Violation of Civil Rights 42 USC 1983, - **Unconstitutional Policy, Custom, and/or Procedures**

84.    Plaintiff incorporates all prior allegations as if set forth fully herein.

85.    This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to them by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of each other, to violate Plaintiff's civil rights afforded under the United States Constitution.

86.    Defendants violated Plaintiff's constitutional rights, as alleged supra, by creating and maintaining the following unconstitutional customs and practices, inter alia:

(i) Plaintiff alleges that Defendants has a de facto policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting persons who exercise their First Amendment rights of freedom of expression;

(ii) Plaintiff alleges that Defendants has a de facto policy, custom, or practice of inadequately investigating their police officer employees upon complaints of misconduct or claims for damages involving police misconduct;

(iii) Plaintiff alleges that Defendants has a de facto policy, custom, or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights;

(iv) Plaintiff alleges that Defendants has a de facto policy, custom, or practice of condoning, ratifying, failing to discipline, failing to investigate, and retaining personnel involved in such conduct.

87.    Defendants' policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiff's constitutional rights at issue in this case.

88.    Plaintiff is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendants by and through its decision makers.

89.    The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff.

90.    Plaintiff specifically alleges that Defendants' policy, custom, and/or practices, as described herein, were within the control of Defendants and within the feasibility of Defendants to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## SEVENTH CLAIM FOR RELIEF

Violation of Civil Rights 42 USC 1983, - **Failure to Train, Discipline,**

**Correct, or Supervise Officers and/or Prosecutors**

91.    Plaintiff incorporates all prior allegations as if set forth fully herein.

92.    Defendants violated Plaintiff's constitutional rights, as alleged supra, by creating and maintaining the following unconstitutional customs and practices, inter alia: (i) Plaintiff is informed, believes, and thereupon alleges that Defendants have ample reason to know, based upon arrest reports, claims for damages, inter alia, that LVMPD officers and/or employees regularly engage in the misdeeds set forth in this entire complaint; (ii) Plaintiff is informed, believes, and thereupon alleges that Defendants have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LVMPD as to the legal requirements and protections applicable to persons as set forth in the United States and Nevada Constitutions, and other laws; and (iii) Plaintiff alleges that these failures amount to a de facto policy and are intentional and/or the result of deliberate indifference on the part of Defendants, by and through its decision makers.

93.    These include, but are not limited to, Defendants and their subordinates, as necessary to further these improper policies, practices, customs, and procedures. The foregoing unconstitutional customs and practices were a direct and legal

cause of harm to Plaintiff. Defendants acted in a supervisory capacity with respect to the incidents involving Plaintiff.

94.    In that capacity, Defendants acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Plaintiff. Plaintiff is informed, believes, and thereupon alleges that Defendants acted in this manner, at least in part, to avoid liability and financial exposure for the LVMPD and to maintain their reputation and the reputation of the LVMPD or the Clark County District Attorney's Office.

This version corrects the spacing and replaces the specified names and references as requested.

95.    Plaintiff specifically alleges that Defendants' policy, custom, and/or practices, as described herein, were within the control of Defendants and within the feasibility of Defendants to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

96.    That as a result of this deprivation, Plaintiff has suffered damages proximately caused by the defendants, including a violation of his civil rights, loss of freedom of movement, loss of freedom of expression, violation of his First Amendment rights to film the law enforcement officers, loss of fourth amendment rights to be free from unreasonable seizures, searches, and warrantless arrests, loss of privacy, loss of personal liberty, humiliation, emotional and physical injury, pain

and suffering, and mental anguish and that Plaintiff's damages exceed $1,000,000.00.

## SEVENTH CLAIM FOR RELIEF

### For Infliction of Emotional Distress

97.    Plaintiff incorporates all prior allegations as if set forth fully herein.

98.    That the events and conduct described herein constitutes extreme and outrageous conduct by all defendants.

99.    The defendants intended to cause, or acted with reckless disregard of causing, emotional distress.

100.    As a proximate result of such conduct, Plaintiff suffered severe or extreme emotional distress, causing him damages to be established at the time of a trial in this matter.

## EIGHTH CLAIM FOR RELIEF

### Assault and Battery

101.    Plaintiff incorporates all prior allegations as set forth fully herein.

102.    That the events and conduct described herein constitute extreme and outrageous conduct by all defendants.

103.    Defendants made an intentional attempt to threaten Plaintiff with bodily harm through their actions and conduct.

104.    Defendants had the ability to cause Plaintiff harm at the time of the threat.

105.    Plaintiff had reasonable apprehension that physical harm or violence was imminent due to Defendants' actions.

106.    Defendants engaged in intentional touching or use of force upon Plaintiff's person.

107.    The touching or use of force by Defendants was harmful or offensive in manner.

108.    Plaintiff did not consent to being touched or subjected to force by Defendants.

109.    As a proximate result of such conduct, Plaintiff damages to be established at the time of a trial in this matter.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    For compensatory damages to Plaintiff, including general and special damages;

2.    For punitive damages;

3.    For statutory damages;

4.    For prejudgment interest;

5.    For reasonable attorney's fees and costs;

6.    For any other relief which is just and proper;

7.    Where total monetary damages sought exceeds $1,000,000.00 as more fully set forth herein, in an amount to be determined at the time of trial.

DATED this 28th day of June, 2024

**/s/ Michael Mee, Esq.**
**MICHAEL MEE, ESQ**
Nevada Bar #13726
400 S. 4th Street #500
Las Vegas NV 89101